UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DREYON WYNN,

    Plaintiff,                                                 File No. 21-

vs.

SCHOOLCRAFT COLLEGE,

    Defendant.
_____/

THE MASTROMARCO FIRM
Victor J. Mastromarco, Jr. (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan  48602
(989) 752-1414
Vmastromarco@mastromarcofirm.com
_____/

**COMPLAINT & DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, DREYON WYNN, by and through his attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendant, SCHOOL CRAFT COLLEGE, stating more fully as follows:

**COMMON ALLEGATIONS**

1. That Plaintiff is a resident of the County of Bay, State of Michigan.

1

2. That Defendant is a community college located in the County of Wayne, State of Michigan.

3. That the amount in controversy exceeds the sum of the SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), excluding costs, interest, and attorney fees.

4. That Plaintiff is an African American male.

5. That this Honorable Court has jurisdiction of the present action pursuant to 42 U.S.C. 1983 since this case involves a federal question, please see also title VII letter to sue attached as **Exhibit 1.**

6. That the Defendant did receive Plaintiff's application for the vacant position of Executive Director of Human Resources for the School Craft College on or about September 28, 2019.

7. That on or about December 12, 2019, Plaintiff did receive an email from the above employer that he had not been selected to move forward for an interview for the Executive Director Human Resource position.

8. That Plaintiff did possess all minimum qualifications listed in the job posting advertisement. **See Exhibit 2.**

9. That in fact, the Defendant did hire a Joan Morehead who did not have the minimum requirement for the position.

10. That Joan Morehead was allowed to undergo an interview for the job position, although Plaintiff was not.

11. That in fact, Joan Morehead is white Caucasian female.

12. That Joan Morehead was unqualified for the position, yet was selected for an interview and hired for the job at a salary at $150,000.00 per year.

13. That in fact Joan Morehead lacked three of the minimum qualifications listed in the job posting advertisement, yet was allowed an interview and selected for the job.

14. That Plaintiff was denied an interview by two of six decision makers who made up the selection committee.

15. That the two decision makers who denied Plaintiff's an interview were Cheryl Hawkins, Vice President of Schoolcraft and Chief Academic Affairs Officer, and Cheryl Hagen, Vice President and Chief Student Affairs Officer of Schoolcraft.

16. That said actions were over the objection of the Director of Financial Aid who is an African American.

17. That in point of fact, Joan Morehead was apparently terminated by Defendant's less than a year of her selection. Due to the fact that she was unqualified for the position or could not perform the position.

18. That instead of then offering Plaintiff the position or offering him an interview, Defendant did not post the position, but filled the position within an internal person who did not meet the qualifications, or minimum qualifications for the position.

19. That the new person holding the position is white Caucasian female.

20. That point in fact, the Defendant's did bend the rules, so as to except the Caucasian female Brenda Leavens in violation of their own policies and procedures.

21. That they in fact did so as to accept the Caucasian female in place of the African American male for the position.

22. That Defendant simply did not want an African American to be involved as a Director of Human Resources for the college, because of his race.

23. That in point of fact, Defendants have never had an African American Director of Human Resources.

24. That Defendants' actions, for purported reasons for rejecting Plaintiff are merely pretext for unlawful discrimination.

25. That Plaintiff belongs to an identifiable class of persons who were subject to discrimination based on their race.

26. That Defendant's Discriminatory conduct abridged Plaintiff's right to enter into, perform, and enjoy the benefits of an employment contract with Defendant.

27. That Defendant's discrimination is established by Defendant's failure to select Plaintiff for the Human Resources Director position, even though he possessed superior qualification than the Caucasian employee selected for the position.

28. That said Caucasian employee did not possess the minimum requirements for the job.

29. That Defendant further attempted to hide evidence that the Caucasian employee was less qualified than Plaintiff.

30. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, health, dental, vision, and life insurance benefits, disability benefits, pension and/or retirement benefits, investment opportunities, employer contributions, and any other compensation and fringe benefits lost to Plaintiff as a result of Defendant's failure to hire along with an additional amount to offset any negative tax consequences of recovery.

31. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

32. That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

33. That at all times material hereto, Defendant was an employer as defined by MCL § 37.2201(a).

34. That at all times material hereto, Plaintiff was and is a member of a protected class by virtue of his race.

35. That at all times material hereto, Plaintiff was and is qualified for the position of Human Resources Director.

36. That as s direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, health, dental, vision, and life insurance benefits, disability benefits, pension and/or retirement benefits, investment opportunities, employer contributions, and any other compensation and fringe benefits lost to Plaintiff as a result of

Defendant's failure to hire along with an additional amount to offset any negative tax consequences of recovery.

37. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

38. That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. §1988(b).

39. That Plaintiff hereby claims that costs of litigation, including reasonable attorney fees and witness fees, pursuant to MCL § 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgement in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT I – RACIAL DISCRIMINATION IN VIOLATION OF 42 U.S.C. & 1983

40. That Plaintiff hereby incorporates by referenced the allegations contained in paragraph 1 through 39 of his Common Allegations, and word for word and paragraph for paragraph, as if fully set forth herein.

41. That 42 U.S.C. § 1983 provides that every person who, under the color of State law, deprives a citizen of the United States any rights or privileges secured by the Constitution shall be liable to the injured party at law or in equity.

42. That the Fourteenth Amendment provides in part:

    No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

 U.S. CONST. amend. XIV, § 1.

43.  That both the Equal Protection Clause and the concept of Substantive Due Process protect against intentional discrimination based on race. See *Gutzwiller v. Fenik,* 860 F.2d 1317 (6th Cir. 1988).

44. That claims brought under Section 1983 "must prove the same elements required to establish a disparate treatment claim under Title VII of the Civil Rights Act of 1964." *Perry v. McGinnis,* 209 F.3d 597, 601 (6th Cir. 2000).

45.  That at all times material hereto, Defendant acted under the color of State law.

46. That Defendant subjected Plaintiff to racially discriminatory treatment.

47. That at all times material hereto, Plaintiff was and is a member of a protected class by virtue of his race.

48. That at all times material hereto, Plaintiff was and is qualified for the position of Human Resources Director.

49. That Plaintiff applied for the position of Human Resources Director.

50. That Plaintiff suffered an adverse employment action through Defendant's failure to hire Plaintiff for the position of Human Resources Director.

51. That Plaintiff suffered the above adverse employment action under circumstances that give rise to an inference of race discrimination.

52. That at the time that Plaintiff applied for the Human Resources Director position, another employee, Joan Moorehead who was a not a member of Plaintiffs protected class and who was less qualified than Plaintiff, received the position.

53. That Defendant's proffered reasons, if any, for choosing to interview and then later hire Joan Moorehead over Plaintiff are pretextual in nature.

54. That as noted above, Joan Moorehead did not meet three of the minimum mandatory requirements of the job.

55. That Defendant's actions constitute racial discrimination in violation of 42 U.S.C. §1983.

56. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, health, dental, vision, and life insurance benefits, disability benefits, pension and/or

retirement benefits, investment opportunities, employer contributions, and any other compensation and fringe benefits lost to Plaintiff as a result of Defendant's failure to hire along with an additional amount to offset any negative tax consequences of recovery.

57. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

58. That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

## COUNT II RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII

59. That Plaintiff hereby incorporates by referenced the allegations contained in paragraph 1 through 39 of his Common Allegations, and 40 through 58 of Count I word for word and paragraph for paragraph, as if fully set forth herein.

60. That Plaintiff has obtained a right to sue letter. **See exhibit 1**

61. That Defendant's failed to interview or hire Plaintiff because of his race.

62. That Plaintiff as not granted an interview but a white Caucasian who did not have the qualifications for the position and was later fired, was in fact not only granted only an interview but provided the job opportunities.

10

63. That Defendant's actions do constitute race discrimination in violation of VII as more fully set forth above.

## COUNT III – RACIAL DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSON CIVIL RIGHTS ACT

64. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 39 of his Common Allegations, paragraphs 40 through 58 of Count I, and 59 through 63 of Count III word for word and paragraph for paragraph, as if fully set forth herein.

65. That the Elliott-Larsen Civil Rights Act makes it unlawful for an employer to fail or refuse to hire or recruit or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of race. MCL § 37.2202(l)(a).

66. That at all times material hereto, Defendant was an employer as defined by MCL § 37.220l(a).

67. That at all times material hereto, Plaintiff was and is a member of a protected class by virtue of his race.

68. That at all times material hereto, Plaintiff was and is qualified for the position of Human Resources Director.

69. That Plaintiff applied for the position of Human Resources Director.

70. That Plaintiff suffered an adverse employment action through Defendant's failure to hire Plaintiff for the position of Human Resources Director.

11

71. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, health, dental, vision, and life insurance benefits, disability benefits, pension and/or retirement benefits, investment opportunities, employer contributions, and any other compensation and fringe benefits lost to Plaintiff as a result of Defendant's failure to hire along with an additional amount to offset any negative tax consequences of recovery.

72. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

73. That Plaintiff hereby claims the costs of litigation, including reasonable attorney fees and witness fees, pursuant to MCL § 37.2802.

   WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

                                         Respectfully submitted,
                                         THE MASTROMARCO FIRM

Dated: February 11, 2021      By:    */s/ Victor J. Mastromarco, Jr.*
                                               KEVIN L. KULA (P81913)
                                               Attorneys for Plaintiff
                                               1024 N. Michigan Avenue
                                               Saginaw, Michigan 48602
                                               (989) 752-1414
                                               vmastromarco@mastromarcofirm.com

## **DEMAND FOR TRIAL BY JURY**

      NOW COMES Plaintiff, DREYON WYNN, by and through his attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all of the above issues, unless otherwise expressly waived.

                                         Respectfully submitted,
                                         THE MASTROMARCO FIRM

Dated: February 11, 2021              By:*/s/ Victor J. Mastromarco, Jr.*
                                               VICTOR J. MASTROMARCO, JR. (P34564)
                                               Attorneys for Plaintiff
                                               1024 N. Michigan Avenue
                                               Saginaw, Michigan 48602
                                               (989) 752-1414
                                               vmastromarco@mastromarcofirm.com